O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENJI DOMINIC RICHMOND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M.E. SPEARMAN, Warden,<br><br>　　　　Respondent.<br>_____ | ) Case No. CV 15-2784 JGB(JC)<br>)<br>)<br>) ORDER SUMMARILY DENYING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS, DISMISSING<br>) ACTION AND DENYING A<br>) CERTIFICATE OF APPEALABILITY<br>)<br>) |

　　　　On February 3, 2015, Kenji Dominic Richmond ("petitioner"), a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Northern District of California. On April 14, 2015, the Petition was transferred to this District and formally filed in this Court on April 15, 2015.

　　　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the sole claim alleged in the Petition is not cognizable. Therefore, the Petition must be dismissed.

Petitioner currently is serving a Three Strikes sentence of 43 years following his 1994 guilty plea and conviction in Ventura County Superior Court Case No. CR32529 ("State Case"). (Petition at 2-3, 6A, 9). Petitioner was convicted of violating California Penal Code § 288 – child molestation – and California Penal Code § 211 – armed robbery. (Petition at 2). Petitioner did not pursue a direct appeal. (Petition at 3). However, in 2014, he sought and was denied habeas relief – a requested recalling of his sentence and resentencing under Proposition 36 – by the Ventura County Superior Court, the California Court of Appeal and the California Supreme Court. (Petition at 4-5).

Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences. See Cal. Penal Code § 1170.126. In pertinent part, it created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the Three Strikes Law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013) (citing Cal. Penal Code § 1170.126 "Section 1170.126"). In the current federal Petition, petitioner requests that his sentence in the State Case be recalled and that he be resentenced under Proposition 36. As discussed below, this claim raises only a non-cognizable state law issue and must be dismissed.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted). It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254; see also Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 562 U.S. 1 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process . . . alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 783 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"), cert. denied, 395 U.S. 947 (1969). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). Petitioner does not allege a tenable claim of such a due process violation here, nor could he do so, because the Petition, on its face, shows there was neither state sentencing error nor arbitrariness.

The resentencing provisions in Section 1170.126 "are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment" pursuant to the Three Strikes Law and permit petitions to recall sentences only for such prisoners whose convictions are for "a felony or felonies that [is/]are not

defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." Cal. Penal Code §§ 1170.126(a)-(b); see also Cal. Penal Code § 1170.126(e)(1) (an inmate is "eligible for resentencing" only if his conviction is for a felony that is not defined as a serious and/or violent felony under Section 667.5(c) or Section 1192.7(c)). Here, petitioner is serving a 43-year sentence – not an indeterminate life sentence. Moreover, petitioner's underlying armed robbery conviction in the State Case plainly constitutes a "violent" and "serious" felony. See California Penal Code §§ 667.5(c)(9), 1192.7(c)(19). Accordingly, he is not eligible for resentencing under Proposition 36.

For the foregoing reasons, IT IS ORDERED that the Petition is denied and this action is dismissed without prejudice. Petitioner's other pending motions are denied as moot.

The Court also concludes that a certificate of appealability is unwarranted in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition is not cognizable. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 22, 2015

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE